**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTINE BARRETT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JEREMY BARRETT** | § | |
| ***Plaintiff,*** | § | **Case No. 4:24-cv-1466** |
| **VS.** | § | |
| **TEEKAY SHIPPING (USA), INC., TEEKAY MARINE SOLUTIONS, INC., TEEKAY CHARTERING LTD., TEEKAY TANKERS CHARTERING PTE. LTD., AND GULF OFFSHORE LOGISTICS, LLC,** | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Christine Barrett, Individually and as Representative of the Estate of Jeremy Barrett, files this First Amended Complaint, complaining of the acts or omissions of Defendants, Teekay Shipping (USA), Inc., Teekay Marine Solutions, Inc., Teekay Chartering Ltd., Teekay Tankers Chartering PTD. LTD. (collectively, the "Teekay Interests") and Gulf Offshore Logistics, LLC. In support of her claims, she respectfully shows the Court as follows:

## I. PARTIES & SERVICE

1. Decedent Jeremy Barrett was a Jones Act seaman who resided in the United Kingdom but working off the coast of Texas at the time of his death. Plaintiff

Christine Barrett was Jeremy's wife and resides in the United Kingdom. She brings claims both individually and as the personal representative of Jeremy's Estate. She may be reached through her counsel at ZEHL & ASSOCIATES, PC.

2. Defendant Teekay Shipping (USA), Inc. is a Texas corporation with its principal office and principal place of business located at 825 Town Country Lane, Suite 350, Houston, Texas 77024. Defendant may be served through its registered agent, Cogency Global, Inc., 1601 Elm Street 4360, Suite 1950, Dallas, Texas 75201. **Plaintiff requests a citation.**

3. Defendant Teekay Marine Solutions, Inc. is a Texas corporation with its principal office and principal place of business at 1200 East Brazos St. Freeport, TX 77541. Defendant may be served through its registered agent, Cogency Global, Inc., 1601 Elm Street 4360, Suite 1950, Dallas, Texas 75201. **Plaintiff requests a citation.**

4. Defendant Teekay Chartering Ltd. is a foreign corporation domiciled and organized under the laws of the Marshall Islands and conducts business in the State of Texas for the purpose of accumulating monetary profit. The Marshall Islands is a signatory country to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Under the Hague Convention, the Central Authority designated by the Marshall Islands is an agent for service of process on this Defendant. **Plaintiff requests a citation** to forward duplicate originals for process of this Complaint to the Central Authority for the Marshall Islands:

Richard Hickson, Attorney-General
PO Box 890

Majuro, MH 96960
Marshall Islands

Once citation is served on the Central Authority designated by the Marshall Islands, this Central Authority is requested to immediately deliver a copy of the citation to Teekay Chartering Ltd.'s registered agent at:

Trust Company Complex
Ajeltake Road
Ajeltake Island
Majuro, Marshall Islands MH 96960

5. Defendant Teekay Tankers Chartering PTE. LTD. is a foreign corporation domiciled and organized under the laws of Singapore and conducts business in the State of Texas for the purpose of accumulating monetary profit. The Marshall Islands is a signatory country to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Under the Hague Convention, the Central Authority designated by Singapore is an agent for service of process on this Defendant. **Plaintiff requests a citation** to forward duplicate originals for process of this Complaint to the Central Authority for Singapore:

Ministry of Law
100 High Street #08-02
The Treasury
Singapore, 179434,
Republic of Singapore

Once citation is served on the Central Authority designated by Singapore, this Central Authority is requested to immediately deliver a copy of the citation to the home office of Teekay Tankers Chartering PTE. LTD. as follows:

2 Shenton Way #15-04,
SGX CENTRE I Singapore,
Central Singapore (SG-01),

Singapore 068804

6. Defendant Gulf Offshore Logistics, LLC is a Louisiana company with its principal office and principal place of business located at 4535 Highway 308, Raceland, Louisiana 70394. Defendant may be served through its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394. **Plaintiff requests a citation.**

## II.
## MISNOMER/ALTER EGO

7. If any parties are misnamed or not included here, Plaintiff contends that such an omission is a "misidentification," "misnomer," or an "alter ego" of the parties named here. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to properly include, in the interest of equity and justice, those who injured Plaintiff.

8. Plaintiff specifically invokes the right to institute suit against whatever entities were conducting business using any assumed or common name, if any, related to the events described herein.

## III.
## JURISDICTION & VENUE

9. This case was removed to Federal Court by Defendant Teekay Shipping (USA), Inc. on March 31, 2025.

10. This Court has personal jurisdiction over the parties because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas. Moreover, this Court has personal jurisdiction over Defendants Teekay Shipping (USA), Inc. and Teekay Marine Solutions, Inc. because each maintains their

principal place of business in Texas, conducts a substantial amount of business in Texas, and has continuous and systematic contacts with Texas. Further, this Court has personal jurisdiction over Defendants, Teekay Chartering Ltd., Teekay Tankers Chartering PTE LTD, and Gulf Offshore Logistics, LLC, because at all times materially relevant to this action, Defendants: (a) engaged in acts that constitute "doing business" in the State of Texas; (b) purposefully established contacts with the State of Texas; and (c) the assumption of jurisdiction over Teekay Chartering Ltd., Teekay Tankers Chartering PTE LTD, and Gulf Offshore Logistics, LLC will not offend traditional notions of fair play and substantial justice.

11. Plaintiff reserves all arguments related to the Court's subject-matter jurisdiction and does not concede or waive any arguments in favor of remand should the Court no longer maintain subject-matter jurisdiction over this case.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the Southern District of Texas and does a substantial amount of business in this District.

## IV.
## FACTS

### A. Decedent's Employment with Teekay Interests

13. This case arises out of the tragic and untimely death of Decedent Jeremy Barrett on or about November 10, 2024. At all relevant times preceding his death, Decedent was employed by Teekay Interests and was acting within the course and scope of his employment as a Jones Act seaman.

14. On information and belief, at the time of the incident, the LSV

MALLARD was a lightering support vessel owned by GOL and chartered, managed, and/or operated by Teekay Interests and GOL.




15. On information and belief, at the time of the incident, the STI JERMYN was a lightering vessel chartered, managed, and/or operated by Teekay Interests.




16. At all relevant times, including November 10, 2024, Decedent served aboard the LSV MALLARD and/or STI JERMYN as a member of the vessel(s) crew, performing duties that contributed to the mission of the vessel(s) and exposed him to the perils of the sea.

**B. Teekay Interests' Chartering Duties and Operational Responsibilities**

17. Upon information and belief, Teekay Chartering Limited ("TCL") chartered the LSV MALLARD from Defendant Gulf Offshore Logistics, LLC and was responsible for providing full-service lightering operations to its customer at the time of the incident.

18. Upon information and belief, Teekay Marine Solutions, Inc. ("TMSI"), which was contractually responsible for coordinating the lightering services performed at the time of the incident, nominated the STI JERMYN to serve as the service vessel for the lightering operation involving Mr. Barrett. At the time of nomination, the STI JERMYN had been chartered by Teekay Tankers Chartering Pte. Ltd. ("Teekay Tankers") from its registered owner.

19. The Teekay Interests had a duty to ensure that the vessels they chartered, nominated, or controlled were reasonably fit and properly equipped to conduct all aspects of the lightering operation safely, including the transfer of personnel between vessels.

20. Additionally, the Teekay Interests had operational oversight of the lightering operation and were responsible for implementing and enforcing safe transfer procedures, including reviewing or approving the method by which Mr. Barrett would transfer from the LSV MALLARD to the STI JERMYN.

21. The Teekay Interests knew or should have known that the STI JERMYN lacked an operable personnel transfer basket (PTB) and that its cranes were not authorized for personnel transfers. Despite these known limitations and the

foreseeable risks they created, the Teekay Interests nonetheless approved and accepted the STI JERMYN for use in the subject lightering operation.

**C. The Incident**

22. On or about November 10, 2024, while carrying out lightering operations as part of his assigned duties, Decedent was ordered to transfer from the LSV MALLARD to the STI JERMYN via accommodation ladder in the navigable waters off the coast of Texas.

23. During the course of this personnel transfer, and while under Defendants' direction and control, the accommodation ladder became unstable and/or inadequately secured, causing Decedent to fall into the water.

24. After struggling in the water for at least 15 minutes, Mr. Barrett was eventually retrieved, and CPR was administered; however, he could not be resuscitated.

25. Mr. Barrett was pronounced dead on or about November 11, 2024.

26. Mr. Barrett suffered a horrific death, including having to endure severe physical trauma and experiencing significant pain, suffering, mental anguish, and emotional distress for at least 15 minutes prior to his death.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS TEEKAY INTERESTS

27. Plaintiff incorporates all the above paragraphs by reference.

**A. Jones Act Negligence**

28. As Decedent's Jones Act employer, Teekay Interests had the absolute and non-delegable duty to, among other things, provide and maintain a safe

workplace. Teekay Interests also owed a duty to act reasonably in the operation and maintenance of the LSV MALLARD and STI JERMYN.

29. Plaintiff contends the Teekay Interests breached their duties because they:

a) Failed to safely conduct STS transfer operations;

b) Failed to provide a reasonable safe workplace;

c) Failed to properly inspect, maintain, and/or repair the vessel and her appurtenances and/or equipment;

d) Failed to provide a seaworthy vessel;

e) Failed to exercise due care and caution;

f) Failed to provide a sufficient, adequate, and competent crew;

g) Failed to provide proper supervision, training, and instructions to perform the work safely;

h) Failed to take reasonable precautions for Decedent's safety;

i) Failed to provide adequate safety and/or operational equipment for the job in questions;

j) Failed to require its chartered vessels to be suitable for safe ship-to-ship transfer operations;

k) Failed to provide a safe and adequate means of ingress and egress;

l) Failed to provide an adequate crew;

m) Failed to properly supervise the crew;

n) Failed to properly monitor personnel transfers;

o) Failed to provide timely and adequate rescue efforts;

p) Failed to provide adequate personnel for the job in question;

q) Failed to ensure that the STI JERMYN, a nominated vessel, was properly equipped and configured for safe personnel transfers during STS operations;

r) Failed to evaluate or confirm the vessels' suitability for the intended STS operation before nominating or assigning it;

s) Failed to adequately plan or coordinate the personnel transfer operation involving Mr. Barrett; and

t) Committed other acts deemed to be negligent.

30. Decedent's death was sustained in the course of his employment with Teekay Interests and was proximately caused by the negligence and/or gross negligence of Defendants Teekay Interests, their officers, agents, or employees, as described herein.

**B. Unseaworthiness of the LSV MALLARD and the STI JERMYN**

31. At all relevant times, Teekay Interests chartered, operated, and/or controlled the LSV MALLARD and the STI JERMYN. As the charterer and/or operator of the vessels, Teekay Interests owed Mr. Barrett an absolute and non-delegable duty to provide him with a seaworthy vessel.

32. The unseaworthiness of one or both vessels, including but not limited to the failure to provide an adequate crew, failure to provide a safe means of ingress and egress, failure to provide timely and adequate rescue efforts, and the improper use,

rigging, or operation of transfer equipment, was a proximate cause of Mr. Barrett's injuries and death.

33. At all relevant times, the vessels in question were unseaworthy, as described herein. The vessels' unseaworthiness proximately caused Mr. Barrett's death.

## VI.
## ALTERNATIVE CAUSES OF ACTION AGAINST DEFENDANTS TEEKAY INTERESTS.

34. Plaintiff incorporates all the above paragraphs by reference.

35. In the alternative, if it is determined that Decedent was not a Jones Act Seaman, which Plaintiff adamantly denies, Defendants Teekay Interests are liable under the Death on the High Seas Act.

### A. Negligence and Wrongful Death under the Death On the High Seas Act (DOHSA)

36. Defendants Teekay Interests are liable under the Death on the High Seas Act for the following negligent acts and an unseaworthy vessel:

a) Failed to safely conduct STS transfer operations;

b) Failed to provide a reasonable safe workplace;

c) Failed to properly inspect, maintain, and/or repair the vessel and her appurtenances and/or equipment;

d) Failed to provide a seaworthy vessel;

e) Failed to exercise due care and caution;

f) Failed to provide a sufficient, adequate, and competent crew;

g) Failed to provide proper supervision, training, and instructions to perform the work safely;

h) Failed to take reasonable precautions for Decedent's safety;

i) Failed to provide adequate safety and/or operational equipment for the job in questions;

j) Failed to require its chartered vessels to be suitable for safe ship-to-ship transfer operations;

k) Failed to provide a safe and adequate means of ingress and egress;

l) Failed to provide an adequate crew;

m) Failed to properly supervise the crew;

n) Failed to properly monitor personnel transfers;

o) Failed to provide timely and adequate rescue efforts;

p) Failed to provide adequate personnel for the job in question;

q) Failed to ensure that the STI JERMYN, a nominated vessel, was properly equipped and configured for safe personnel transfers during STS operations;

r) Failed to evaluate or confirm the vessels' suitability for the intended STS operation before nominating or assigning it;

s) Failed to adequately plan or coordinate the personnel transfer operation involving Mr. Barrett; and

t) Committed other acts deemed to be negligent.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT GULF OFFSHORE LOGISTICS

37. Plaintiff incorporates all the above paragraphs by reference.

**A. Unseaworthiness of the LSV MALLARD**

38. At all relevant times, Defendant GOL owned, operated, and/or controlled the LSV MALLARD. As the owner and/or operator of the vessel, Defendant GOL owed Mr. Barrett an absolute and non-delegable duty to provide him with a seaworthy vessel.

39. The unseaworthiness of the vessel, including but not limited to the failure to provide an adequate crew, failure to provide a safe means of ingress and egress, failure to provide timely and adequate rescue efforts, and the improper use, rigging, or operation of transfer equipment, was a proximate cause of Mr. Barrett's injuries and death.

40. At all relevant times, the vessel in question was unseaworthy, as described herein. The vessel's unseaworthiness proximately caused Decedent's death.

**B. Death On The High Seas Act**

41. Defendant GOL is liable under the Death on the High Seas Act for the following negligent acts and an unseaworthy vessel:

a) Failed to safely conduct STS transfer operations;

b) Failed to provide a reasonable safe workplace;

c) Failed to properly inspect, maintain, and/or repair the vessel and her appurtenances and/or equipment;

d) Failed to provide a seaworthy vessel;

e) Failed to exercise due care and caution;

f) Failed to provide a sufficient, adequate, and competent crew;

g) Failed to provide proper supervision, training, and instructions to perform the work safely;

h) Failed to take reasonable precautions for Decedent's safety;

i) Failed to provide adequate safety and/or operational equipment for the job in questions;

j) Failed to provide a safe and adequate means of ingress and egress;

k) Failed to provide an adequate crew;

l) Failed to properly supervise the crew;

m) Failed to properly monitor personnel transfers;

n) Failed to provide timely and adequate rescue efforts;

o) Failed to provide adequate personnel for the job in question; and

p) Committed other acts deemed to be negligent.

**VIII.**
**RESPONDEAT SUPERIOR**

42. Whenever it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business.

43. Therefore, under the doctrine of respondeat superior, Defendants are

vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere here.

## IX.
## DAMAGES

44. Plaintiff incorporates all the above paragraphs by reference here fully.

45. As a direct and proximate result of this incident, Mr. Barrett suffered severe damages and injuries, including death. As a result of the Defendants' actions, Plaintiff Christine Barrett has also suffered the devastating loss of her beloved husband.

46. At all relevant times prior to his death, Decedent had a loving relationship with his wife, Christine Barrett. Plaintiff respectfully requests the Court and Jury to determine the amount of loss incurred, not only from a financial standpoint, but also in terms of mental anguish and freedom from grief and worry.

### A. JONES ACT WRONGFUL DEATH & SURVIVAL DAMAGES

47. As a direct and proximate result of Defendants' negligence and/or gross negligence, Decedent and/or Plaintiff sustained the following damages:

a) Loss of support and inheritance;

b) Loss of nurture and guidance;

c) Loss of service;

d) Loss of society and companionship;

e) Loss of earning capacity and/or future wages;

f) Pecuniary losses;

g) Funeral and burial expenses;

h) Pre-death pain and suffering;

i) Pre-death mental anguish; and

j) All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## B. GENERAL MARITIME LAW WRONGFUL DEATH & SURVIVAL DAMAGES

48. As a direct and proximate result of the Defendants' negligence and/or the unseaworthiness of its vessels, Decedent and Plaintiff sustained the following damages:

a) Loss of support and inheritance;

b) Loss of nurture and guidance;

c) Loss of service;

d) Loss of society and companionship;

e) Loss of earning capacity and/or future wages;

f) Pecuniary losses;

g) Funeral and burial expenses;

h) Pre-death pain and suffering;

i) Pre-death mental anguish; and

j) All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

### C. DEATH ON THE HIGH SEAS ACT WRONGFUL DEATH DAMAGES

49. As a direct and proximate result of the Defendants' negligence and/or the unseaworthiness of its vessels, Decedent and Plaintiff sustained the following damages:

a) Loss of support and inheritance;

b) Loss of services;

c) Loss of earning capacity and/or future wages;

d) Pecuniary losses;

e) Funeral and burial expenses;

f) Predeath pain and suffering;

g) Predeath mental anguish; and

h) All other damages to which Plaintiff may be justly entitled and that may be should through discovery and trial of this case.

## X.
## REQUEST FOR JURY TRIAL

50. Plaintiff requests a jury trial.

## XI.
## CONCLUSION & PRAYER

51. For these reasons, Plaintiff prays that the Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with exemplary damages; pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court;

and such other and further relief to which the Court determines Plaintiff may be entitled at law or in equity.

Respectfully submitted,

***/s/ Justin C. Warner***

Ryan H. Zehl
Texas State Bar No. 24047166
eservice@zehllaw.com
Justin C. Warner
Texas State Bar No. 24134114
warner@zehlaw.com
Misha J. Paltiyevich
Texas State Bar No. 24095695
mpaltiyevich@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Fax: (713) 583-8545

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document has been forwarded to all counsel of record on April 7, 2025.

*/s/ Misha Paltiyevich*

**MISHA PALTIYEVICH**